IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 DEC 15 P 3: 57

| | | |
|---|---|---|
| NORMENT SECURITY GROUP, INC., a Delaware corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV- 2:05cv1197-B |
| DIEBOLD INCORPORATED, an Ohio corporation, | ) ) ) ) | |
| Defendant. | ) ) | |

## ANSWER

COMES NOW the Defendant, DIEBOLD INCORPORATED, and for answer to the plaintiff's Complaint states and shows as follows:

1. The defendant has no knowledge of the organizational structure of the plaintiff Norment Security Group. It does admit that the principal place of business is Montgomery County, Alabama and otherwise the Complaint is for lack of knowledge denied.

2. The defendant admits the allegations of paragraph 2 of the plaintiff's Complaint.

3. The defendant admits that Norment manufacturers blast resistant windows in Montgomery, Alabama. The defendant admits that it has purchased windows from Norment for several years. Otherwise, the allegations of the

plaintiff's Complaint as to paragraph 3 are denied.

4. The defendant denies that it is indebted to the plaintiff.

5. The defendant states that it has affirmatively rejected non-conforming goods exercising its rights under the Uniform Commercial Code.

6. The defendant states that the plaintiff's action is barred by its own fault, estoppel, latches and waiver.

7. The defendant states that the plaintiff has attempted to sell non-confirming goods and has attempted materially to alter the design of the product alleged to be purchased by the defendant so as to materially breach any contract which existed between the plaintiff and defendant.

8. The defendant avers that there is no consideration for the alleged contract and that due to the actions of the plaintiffs, the contract has been breached and is void.

9. The defendant states that the plaintiff has attempted to sell non-confirming goods in pursuance of an alleged contract which products have no commercial value to the defendant. At the time of the construction of the products the plaintiff knew but concealed from the defendant the fact that it had materially altered the design of the product in such a way as to make it completely unfit for the purposes for which it was intended. The plaintiff has known during the course of dealings between these parties that the purpose for the windows was to fit the

unique requirements of a commercial customer of the defendant Diebold Incorporated for a bullet proof, ballistic proof sliding glass open window for use in pharmacy stores. Throughout the course of dealing between the parties it was essential that the window be configured with a consistent design of a sliding glass door due to the internal configuration of the pharmacy stores who were the Diebold customers. Unbeknownst to and unagreed upon by Diebold, the plaintiff changed the configuration of the design of the glass window making it commercially useless to Diebold. Diebold has rejected the non-conforming goods and does not owe the plaintiff any monies for these products.

/s/ James R. Shaw
James R. Shaw
[ASB: 7523 H49J]
Attorneys for Defendant,
DIEBOLD INCORPORATED


OF COUNSEL:

HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center - Suite 200
2801 Highway, 280 South
Birmingham, AL  35223-2484
Telephone:  (205) 251-1193
Facsimile:   (205) 251-1256
E-Mail: jrs@hfsllp.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the above and foregoing Notice of Removal on the following attorneys of record by mailing a copy of same in the United States Mail, properly addressed and first-class postage prepaid, on this the 15th day of December, 2005:

Marvin H. Campbell
P. O. Box 4979
Montgomery, AL 36103

Angela J. Crosby
3224 Mobile Highway
Montgomery, AL 36108


_____
OF COUNSEL