IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORMENT SECURITY GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:05cv1197-MHT |
| ) | |
| DIEBOLD, INCORPORATED, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW the defendant, Diebold Incorporated, and moves the Court for the entry of judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and in support of its motion states and shows as follows:

1. The plaintiff has filed a civil action contending that it is entitled to be paid for non-conforming goods manufactured for the defendant. The subject in controversy are security windows commonly used in drive-up operations and particularly in this case a chain of CVS Pharmacies. Diebold supplies the security windows to its customer who installs through its independent contractors to protect its security in its medicine and drug vending businesses.

2.   For a number of years a relationship existed between the plaintiff Norment and the defendant whereby the plaintiff would manufacture and the defendant would purchase the security windows in accordance with a specific set of plans and drawings.  Historically, Diebold would authorize the procurement of components and commit to purchase 50 windows per the agreed manufacturing and inventory strategy and Norment would build them in lots of five with five prepared to ship at all times.  Diebold would only authorize release of one window at a time.

3.   During 2004, an engineering effort was begun at CVS' request to change the six foot window to an eight foot window.  An eight foot window was manufactured by Norment and approved by CVS and installed.  In 2004 CVS agreed to change to the eight foot window but with the request that there be one and only one other change: that it be eight inches higher.  This was the only change request.

4.   When the plaintiff Norment submitted drawings for the eight foot by 3 foot 8 inch window, the drawings were submitted backward and drawn backward.  This was not what was agreed on by any of the parties, had never been discussed by any of the parties and was a completely inappropriate error by Norment.  The defendant Diebold did

not see the error and would have no reason to have seen the error in the drawing.

5. Norment has prepared, according to its Complaint, fifty of the non-conforming windows. Immediately upon discovery of the error made by Norment in its production, the defendant Diebold, pursuant to the Uniform Commercial Code, gave notice of its rejection of the non-conforming goods. Detailed written explanations were sent to Norment as to why its product was inaccurate and unfit for the purpose for which it was intended. CVS could not use the window as mis-designed by Norment, Inc.

6. The plaintiff's error was in miscalculating the designs, designing and building an inappropriate good which did not conform to the agreement of the parties and did not conform to the expectation of the purchaser. The purchaser has rightfully rejected the offer pursuant to the Uniform Commercial Code and is not indebted to the plaintiff.

7. There is no genuine issue of law or fact and the defendant is entitled to judgment as a matter of law. The defendant bases its Motion for Summary Judgment on the Complaint, the defendant's Answer, the attached drawings and the attached affidavit of Robert V. Artino, a representative of Diebold, Incorporated knowledgeable regarding the

transaction.

> Respectfully submitted,
>
> s/James R. Shaw
> James R. Shaw
> HUIE, FERNAMBUCQ & STEWART, LLP
> Three Protective Center
> 2801 Hwy 280 South, Suite 200
> Birmingham, AL 35223
> (205) 251-1193
> (205) 251-1256
> jrs@hfsllp.com
> Alabama Bar No.: 7523-H49J
> Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I certify that on May 24, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Marvin H. Campbell
P. O. Box 4979
Montgomery, AL 36103
(334) 263-7591
mhcfirm@aol.com
Alabama Bar No.: ASB6616-A50M
Attorney for Plaintiff

> Respectfully submitted,
>
> s/James R. Shaw
> James R. Shaw
> HUIE, FERNAMBUCQ & STEWART, LLP
> Three Protective Center
> 2801 Hwy 280 South, Suite 200
> Birmingham, AL 35223
> (205) 251-1193
> (205) 251-1256
> jrs@hfsllp.com
> Alabama Bar No.: 7523-H49J
> Attorneys for Defendant