IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORMENT SECURITY GROUP, INC., )<br>)<br>Plaintiff,       )<br>)<br>v.                      )<br>)<br>DIEBOLD INCORPORATED,       )<br>)<br>Defendant.      ) | CIVIL ACTION NO.<br>2:05cv1197.MHT |

**MOTION OF PLAINTIFF NORMENT SECURITY GROUP, INC.
TO SET ASIDE JUDGMENT OF DISMISSAL AND REINSTATE CASE**

The plaintiff, Norment Security Group, Inc., pursuant to the Judgment entered by the Court on August 17, 2006, respectfully moves the Court to set aside the Judgment and reinstate this case. As grounds for this motion, plaintiff would show:

1. On August 17, 2006, this Court entered a Judgment dismissing this case, subject to the right of either party to file, within 45 days, a motion to have the dismissal set aside and the case reinstated or the settlement enforced, should the settlement not be consummated.

2. At the time the Judgment was entered, the parties had not reached a settlement agreement but were negotiating settlement. On August 8, 2006, counsel for defendant Diebold forwarded a proposed settlement agreement to plaintiff's counsel. The agreement was not acceptable to Norment. On August 11, 2006, Norment rejected the language

of the proposed settlement agreement and suggested alternative provisions acceptable to Norment. On August 23, 2006, Norment was informed by counsel for Diebold that Norment's suggested changes to the proposed settlement agreement had been forwarded to Diebold's corporate counsel. On August 29, 2006, counsel for Norment communicated to counsel for Diebold as follows:

> I don't understand why Diebold is dragging its feet on the settlement agreement and the inspection of the prototype window. Judge Thompson entered his order dismissing the case on August 17, 2006. The parties, within 45 days of that date, may file a motion to reinstate the case or enforce the settlement agreement. 45 days from August 17 is October 1, 2006. Please follow-up with Diebold so that we can execute the settlement agreement and complete the modification of the windows and full payment within the next couple of weeks. There is no reason to delay this matter further.

3. On September 8, 2006, counsel for Diebold forwarded to Norment a revised proposed settlement agreement. On September 12, 2006, counsel for Norment informed counsel for Diebold that the revised settlement agreement was acceptable to Norment. Counsel for Norment requested that Diebold execute the agreement and return it for Norment's execution. Subsequently, on September 22, 2006, Diebold requested a further change in the terms of the proposed agreement to require Norment to send "the exemplar window to Diebold for inspection" whereas the previously accepted terms of the proposed agreement required Diebold to

inspect the "exemplar window" in Norment's facility in Montgomery. Norment responded that it would agree to ship the "exemplar window" to Diebold upon pre-payment of shipping charges by Diebold and payment in advance for the window. This issue has not been resolved notwithstanding past verbal commitments by Diebold to inspect the window in Montgomery.

4. Diebold has not executed or returned the settlement agreement and Norment has lost confidence in Diebold's willingness to abide by its commitments including commitments that may be made in any settlement agreement. At this time, Norment is not prepared to enter into a settlement agreement with Diebold until Diebold can provide the assurances necessary to convince Norment that Diebold will fulfill its commitments to Norment under any written settlement agreement. The current version of the settlement agreement (to date unsigned by the parties) must be renegotiated and revised to assure that Norment is not required to file additional expensive litigation to enforce a settlement agreement that contains commitments that Diebold is not going to honor.

5. Until Diebold has executed a settlement agreement acceptable to Norment with additional provisions to protect Norment in the event Diebold elects not to honor its commitments under the settlement agreement, this case should be reinstated and should move forward. Norment has already

invested a substantial amount of money in the filing of this litigation and respectfully requests that this litigation be reinstated. Thereafter, if the parties are able to reach a settlement agreement, the parties will file a joint stipulation for dismissal of this action.

    WHEREFORE, plaintiff Norment Security Group, Inc. respectfully moves the Court to reinstate this case.

                                   s/Marvin H. Campbell
                                   Marvin H. Campbell
                                   Attorney for Norment Security Group, Inc.
                                   P.O. Box 4979
                                   Montgomery, AL 36104
                                   Phone:(334) 263-7591
                                   Fax: (334) 832-9476
                                   mhcfirm@aol.com
                                   Alabama Bar No.: 6616-A50M

**CERTIFICATE OF SERVICE**

    I certify that on September 29, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing along with a copy sent via facsimile transmission to the following:

James R. Shaw
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Hwy 280 South, Suite 200
Birmingham, AL 35223

                                   s/Marvin H. Campbell
                                   Marvin H. Campbell