IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION


NORMENT SECURITY GROUP, INC.,   )
                                   )
          Plaintiff,       )
                                   )    CIVIL ACTION NO.
v.                             )    2:05cv1197-MHT
                                   )
DIEBOLD INCORPORATED,     )
                                   )
         Defendants.     )


**DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO REINSTATE CASE**


    COMES NOW the Defendant, Diebold, Incorporated,

("Diebold"), a corporation, and in response to the

plaintiff's Motion to Reinstate the Case states and shows as

follows:

    1.   There is absolutely no necessity for reinstating

this case and imposing on the Court's docket.  A release

agreement was submitted to counsel for the plaintiff on

August 8, 2006 and revisions were subsequently received.

Negotiations continued relative to the language of the

release until a negotiated final settlement was reached.

Due to the complexity of the litigation, numerous persons

have had to review and approve the release and the

settlement of this case.  Further, it was necessary that the proposed drawings to correct the error made in the earlier production which led to this suit have had to be reviewed by engineers on both sides of this case.

2.   On all occasions, Norment has been assured that this case is settled but Norment has continued to delay the settlement consummation.

3.   Attached is a copy of the executed settlement agreement which was received Friday, October 2, 2006 and forwarded to counsel for the plaintiff for execution by his client.

4.   There is no need for this case to be reinstated as the parties have reached a settlement in this agreement, provided Norment executes the settlement agreement and returns it to counsel.

It is respectfully requested that the Court hold the motion to reinstate pending notification from counsel as to whether Norment has executed the settlement agreement and, if they have not, the defendant will consent to and in fact urge reinstatement of the case.  It is believed however that if Norment simply executes the agreement that has been approved by both parties and submits a signed copy to the undersigned counsel, there will be no further need for judicial involvement.

Respectfully submitted,

s/James R. Shaw
James R. Shaw
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Hwy 280 South, Suite 200
Birmingham, AL 35223
(205) 251-1193
(205) 251-1256
jrs@hfsllp.com
Alabama Bar No.: 7523-H49J
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that on October 6, 2006, I electronically
filed the foregoing with the Clerk of the Court using the
CM/ECF system which will send notification of such filing to
the following:

Marvin H. Campbell
P. O. Box 4979
Montgomery, AL 36103
(334) 263-7591
mhcfirm@aol.com
Alabama Bar No.: ASB6616-A50M
Attorney for Plaintiff

Respectfully submitted,

s/James R. Shaw
James R. Shaw
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Hwy 280 South, Suite 200
Birmingham, AL 35223
(205) 251-1193
(205) 251-1256
jrs@hfsllp.com
Alabama Bar No.: 7523-H49J
Attorneys for Defendant

3