IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORMENT SECURITY GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:05cv1197.MHT |
| ) | |
| DIEBOLD INCORPORATED, ) | |
| ) | |
| Defendant. ) | |

**BRIEF AND SUBMISSION OF PLAINTIFF
NORMENT SECURITY GROUP, INC. IN SUPPORT OF
MOTION TO SET ASIDE JUDGMENT OF DISMISSAL**

The plaintiff, Norment Security Group, Inc. ("Norment"), pursuant to the Order of the Court dated October 10, 2006, submits this Brief and Submission in Support of Motion to Set Aside Judgment of Dismissal and Reinstate Case:

**I.
RESPONSE OF DIEBOLD INC. TO PLAINTIFF'S MOTION**

Defendant, Diebold Inc. ("Diebold") filed Defendant's Response to Plaintiff's Motion to Reinstate Case in this Court on October 6, 2006. In its Response, Diebold stated that Norment has delayed consummation of the settlement, which is contrary to fact. Diebold attached to its Response a Settlement Agreement (executed by Diebold but not by Norment) which Diebold states "was received Friday, October 2, 2006, and forwarded by counsel to plaintiff for execution by his client." Diebold represents or at the very least implies that Diebold received the Settlement Agreement from

Norment on October 2, 2006. That is incorrect. As stated in Norment's Motion to Set Aside Judgment, Norment informed Diebold on September 12, 2006, that a revised proposed settlement agreement provided by Diebold to Norment on September 8, 2006, was acceptable to Norment. Norment asked Diebold to immediately execute the revised settlement agreement and return it to Norment for execution. Diebold did not respond until October 6, 2006, **only after Norment filed its Motion to Set Aside Judgment of Dismissal on September 29, 2006.**

## II.
## NORMENT AND DIEBOLD HAVE NOT REACHED AN AGREEMENT FOR SETTLEMENT OF THIS CASE

The parties agreed that Diebold would inspect the "exemplar window" in Montgomery. This has always been the verbal agreement of the parties and has been incorporated in various drafts of settlement agreements. In fact, the Settlement Agreement and Release signed by Diebold and submitted to this Court (not signed by Norment) provides that Diebold will inspect the exemplar modified CVS window in Montgomery. Contrary to this provision of the proposed agreement, Diebold wants Norment to ship the windows to Diebold for its inspection. Norment does not object to shipment of the window to Diebold for inspection, as an accommodation to Diebold, but Norment expects Diebold to pay for shipment and to pay Norment for the window prior to shipment. Diebold e-mailed Norment on October 13, 2006,

2

that it will prepay for the window and shipping but Diebold has a history of not fulfilling its commitments and agreements. Norment does not intend to bear the cost of shipping the exemplar window to Diebold or to ship the window without payment for the window by Diebold.

### III.

### THIS CASE SHOULD BE REINSTATED

Norment respectfully requests that this Court reinstate this case. This will not prevent the parties from continuing to negotiate and Norment is willing to continue negotiations as long as it can be secure in the belief that it will not have to turn around and file another lawsuit in the future to enforce a settlement agreement with Diebold. In addition to filing fees, Norment would incur attorney's fees and a further delay in obtaining payment for the 50 windows manufactured by Norment in accordance with the order originally placed by Diebold and the drawings originally approved by Diebold for the 50 windows.

The reinstatement of this case is consistent with agreements exchanged between the parties and the agreement submitted by Diebold to the Court. This and all previous drafts of the "agreement" provide as follows:

> 2. Norment Security Group will dismiss the above-described litigation with prejudice <u>upon receipt of payment in full by Diebold</u>. Norment will assert no counterclaim or claim for damages in the described litigation and consents to that dismissal (Emphasis added).

It has always been contemplated by the parties that this action would not be dismissed until the settlement has been consummated by full and final payment by Diebold to Norment. The reinstatement of this action will provide strong incentive for the parties to continue and complete their negotiations and strong incentive for the parties to expedite and fulfill their mutual obligations under any final settlement agreement to be reached between the parties.

WHEREFORE, plaintiff Norment Security Group, Inc. respectfully prays that this Court will set aside its Order dated August 17, 2006, and reinstate this case.

```
                              s/Marvin H. Campbell
                              Marvin H. Campbell
                              Attorney for Norment Security
                              Group, Inc.
                              P.O. Box 4979
                              Montgomery, AL 36104
                              Phone:(334) 263-7591
                              Fax: (334) 832-9476
                              mhcfirm@aol.com
                              Alabama Bar No.: 6616-A50M
```

**CERTIFICATE OF SERVICE**

I certify that on October 16, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing along with a copy sent via facsimile transmission to the following:

James R. Shaw
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Hwy 280 South, Suite 200
Birmingham, AL 35223

4

<pre>
                              s/Marvin H. Campbell
                              Marvin H. Campbell
</pre>

5