STATE OF ALABAMA      )
                      )
COUNTY OF MONTGOMERY  )

\* \* \* \* \* \* \* \*

STATE OF OHIO         )
                      )
COUNTY OF  Stark      )

## SETTLEMENT AGREEMENT AND RELEASE

There exists a dispute between the parties to this release, Norment Security Group, Inc. and Diebold, Incorporated. The nature of the dispute arises from the construction of security windows by Norment for use by customers of Diebold.

Diebold, Incorporated has contended that certain windows manufactured by Norment Security Group, Inc. are nonconforming to the agreement between the parties and the needs of Diebold, Incorporated and its customers and contends that the construction of the windows was unauthorized insofar as the number of windows constructed and at variance from the approved specifications agreed upon by Diebold.

Norment Security Group contends that the windows were manufactured in accordance with established practices between the parties and that they were in fact in exact conformance with plans and specifications submitted to Diebold and approved by Diebold.

All parties agree that this is a matter for resolution and the parties have for the consideration stated below agreed to settle and resolve this dispute as well as settling and resolving that certain civil action known as <u>Norment Security Group, Inc. v. Diebold Incorporated</u>, currently pending in the United States District Court, Middle District, Northern

01051088.1

Division No.: 2:05CV1197. Having so agreed, the parties enter into the following settlement agreement and release.

For and in consideration of the dismissal with prejudice of the above described litigation, and further in consideration of the agreement of Norment Security Group, Inc. to rework the security windows in question in this dispute as set forth above in accordance with drawings and a prototype modified window to be approved by Diebold, Incorporated, and further in consideration of the mutual promises that the parties will share equally the expense of transporting and insuring the windows to a place of Diebold's choosing; and, further in consideration of the agreement by Diebold to purchase the windows as reworked and pay the agreed purchase price for those windows; and, further for the consideration of each of the parties agreeing to bear one-half of the cost of the reworking of the subject windows which amount is capped at the additional sum of $387.50 per reworked window per party. The parties have each agreed as follows:

    1.    The consideration stated by each of the parties as set forth above is good and sufficient consideration for the promises made and performances expected under this settlement agreement.

    2.    Norment Security Group will dismiss the above described litigation with prejudice upon receipt of payment in full from Diebold. Diebold will assert no counterclaim or claim for damages in the described litigation and consents to that dismissal.

    3.    Diebold hereby provides to Norment the drawings for the modified window which are attached hereto as Addendum 1. Norment will make available to Diebold at Montgomery, Alabama a modified CVS window per these drawings for inspection. Diebold will inspect the modified window within 10 business days of the execution of this Settlement Agreement and Release. Diebold will not unreasonably withhold its approval of the drawings and modified window.

    4.    Diebold will pay to Norment the sum of $2,837.50 per modified window which will include the purchase price as agreed on originally for the stated windows which is $2,450.00 per window (for a total of 48 windows) plus the sum of up to $387.50 per window (for a total of 49 windows) as its one-half share of the modification costs. Norment will deliver 49 windows.

01051088.1

A total payment of $ $136, 587.50 plus Diebold's half-share for shipping and insurance will be made in full for all windows and one-half of shipping and insurance costs prior to shipment. Diebold will make payment to Diebold's counsel, James R. Shaw, Esq., who shall release said payment to Norment upon receipt of the windows and inspection by Diebold. Diebold will not unreasonably withhold its approval of the windows.

5.  Norment will ship the windows to Diebold within 60 days of the execution of this Settlement Agreement and Release. The windows will be shipped in one completed operation in two trucks fully insured until received by Diebold at Diebold's unloading facility. Norment will select a reputable common carrier for transportation of the windows. Norment will insure the windows during transit. Diebold and Norment will share equally the trucking expense and insurance. Norment will not charge any storage on the windows being modified at any time.

6.  The parties agree that this is a negotiated resolution of a dispute between the parties and that this agreement contains all of the terms and conditions of the agreement. Save however that the standard Norment express warranty shall remain in full force and effect for all windows.

> The parties each have been represented by counsel through these discussions and have had the opportunity to consult with their counsel relative to the terms and conditions of this release and settlement agreement. No representation, statement or other fact made by either party not expressed in this release is relied upon by the other in any manner.
>
> Upon full performance of this agreement, the parties equally and mutually release each other of and from any other claims or rights of action which they may have against each other up until the date of the signing of this release arising in any way from the transactions described in this release pertaining to the stated sale of the forty-nine (49) windows. No other claims or defenses between the parties are compromised by this release and it is intended solely to apply to the forty-nine windows in question, their modification, shipping and payment therefor.

7.  Should there be any dispute regarding the enforcement of this release or any other action pertaining to this transaction, it shall be handled in accordance with the laws of the state of Alabama and interpreted consistent therewith.

8.  This release shall be binding on the named parties to the release and each of its affiliates, subsidiaries, agents, servants, stockholders, directors, officers or related persons, firms or corporations. All of the terms, covenants, representations, warranties, payments, benefits and considerations contained and described in this release will enure to, pass to and succeed to the benefit of the parties respective successors and assigns.

9. Neither the entry into this release, the provisions thereof, the agreements to pay or the agreements to compromise shall constitute any admission of liability or wrongdoing on the part of any of the parties to this release. Nothing contained in this release shall be construed or constitute a waiver or release of the rights of the parties to the agreement to enforce the terms of the release.

10. Each of the parties to this release warrants and represents that the person executing the release below on behalf of that party is authorized to do and is authorized to bind that particular party to this release.

11. This release may be executed in two counterparts, each of which shall be deemed an original but all of which shall constitute one and the same instrument with the same effect as if the parties had signed the same copy.

12. This release may not be modified except by written agreement of all of the parties, duly executed by all of the parties.

13. The date of this release shall mean the year and date of the last person or entity to execute this release.

14. As part of the consideration for entering into this Settlement Agreement and Release, the undersigned and their attorneys, employees, agents, assigns and/or successors agree that all terms and conditions of this Settlement Agreement and Release relating to the settlement process or the quantification of this settlement, and all negotiations or discussions of any kind relating to the settlement amount are to be kept confidential and shall not be disclosed, made public, disseminated, released or otherwise referenced, alluded to, or suggested to any person in any manner whatsoever.

NORMENT SECURITY GROUP, INC.

By: _____

Its: Vice Pres Finance

Date: 11/1/06

STATE OF ALABAMA    )

COUNTY OF Montgomery    )

4

01051088.1

Sworn to and subscribed before me
this the __1st__ day of __November__, 2006.

Notary Public _Kay J Younger_
Commission Expires: _August 16, 2008_

                                        Attorney for Norment Security Group, Inc.

STATE OF ALABAMA    )

COUNTY OF _____ )

Sworn to and subscribed before me
this the _____ day of _____, 2006.

Notary Public
Commission Expires: _____

                                          DIEBOLD, INCORPORATED

                                          By: _____
                                          Its: _____
                                          Date: _____

STATE OF OHIO        )

5

01051088.1

COUNTY OF Stark     )

Sworn to and subscribed before me
this the 29th day of September, 2006.

*Sue D. Lewis*
Notary Public
Commission Expires: Feb. 2, 2008

Attorney for Diebold, Incorporated

STATE OF ALABAMA     )

COUNTY OF _____     )

Sworn to and subscribed before me
this the _____ day of _____, 2006.

Notary Public
Commission Expires: _____

6

01051088.1